**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-24602-RAR**

**CESAR ANDRES CORTINA ESPINOSA**,

     Petitioner,

v.

**WARDEN, KROME NORTH SERVICE
PROCESSING CENTER**, *et al*.,

     Respondents.

                                             /

**ORDER DENYING PETITIONER'S EMERGENCY MOTION
<u>FOR TEMPORARY RESTRAINING ORDER</u>**

**THIS CAUSE** comes before the Court on Petitioner's Emergency Motion for Temporary

Restraining Order Barring Petitioner's Transfer Out of the Southern District of Florida ("Motion"),

[ECF No. 4], filed on July 6, 2026.  The Court having carefully considered the Motion, the record,

and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 4], is **DENIED** as set forth

herein.

Petitioner's Motion seeks emergency injunctive relief to prevent Respondents "from

transferring Petitioner outside the Southern District of Florida, and from removing him from the

United States, while his contemporaneously filed Petition for Writ of Habeas Corpus under 28

U.S.C. § 2241 is pending." Mot. at 1.[1]  Petitioner insists that the requested relief will ensure that

---

[1] The Court notes that Local Rule 7.1(d)(1) of the U.S. District Court for the Southern District of Florida provides that a party filing an emergency motion must, in addition to other requirements, indicate "the date by which a ruling is necessary, and the reason the ruling is needed by the stated date."  S.D. FLA. L.R. 7.1(d)(1).  Here, Petitioner "request[ed] a ruling by Monday, July 6, 2026." Mot. at 1.  Petitioner, however, did not file the Motion until after 5:00 p.m. on July 6, 2026.  The Court declines to address the merits of Petitioner's emergency designation as it lacks jurisdiction to grant the requested relief.  However,

he is not "separated from his counsel, his evidence, his witnesses, and his family [as] the practical value of the writ will be gravely diminished—even though jurisdiction attaches at filing." *Id.* at 2.

The Court has authority to issue a temporary restraining order under Federal Rule of Civil Procedure 65. *See* FED. R. CIV. P. 65(b)(1). To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Preliminary injunctive relief such as a temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (citation omitted); *see Marquez-Diaz v. Ripa*, No. 25-23256, 2025 WL 2061675, at *1 (S.D. Fla. July 22, 2025) ("Although a 'showing of irreparable injury is the sine qua non of injunctive relief[,]' the movant 'bears "the burden of persuasion" to clearly establish all four of these prerequisites[.]'" (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (citation and emphasis omitted))). "If a less drastic remedy . . . [i]s sufficient to redress [Petitioner's] injury, no recourse to the additional and extraordinary relief of an injunction [i]s warranted." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165–66 (2010).

---

Petitioner's counsel is cautioned that the Court can only grant relief within timeframes that are reasonably feasible and "[t]he unwarranted designation of a motion as an emergency motion [can] result in sanctions." S.D. FLA. L.R. 7.1(d)(1).

Before the Court may consider the merits of the Motion, it must first determine whether it has the authority to exercise jurisdiction. *See Barrios v. Ripa*, No. 25-22644, 2025 WL 2280485, at *4 (S.D. Fla. Aug. 8, 2025) ("'Federal courts are courts of limited jurisdiction.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))); *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1323 (11th Cir. 2012) ("Prior to making an adjudication on the merits, we must assure ourselves that we have jurisdiction to hear the case before us.").

Federal law provides "no court shall have jurisdiction to review . . . any [ ] decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General[.]"  8 U.S.C. § 1252(a)(2)(B)(ii).  Section 1231(g)(1), which appears within the same subchapter, provides that "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1).  As other courts in this District and across the country have observed, 8 U.S.C. § 1252(a)(2)(B) and 8 U.S.C. § 1231(g)(1) "strip the Court of jurisdiction 'to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General.'" *Abuel-Hawa v. Mullin*, No. 26-22668, 2026 WL 1670672, at *1 (S.D. Fla. May 4, 2026) (quoting *Boulos v. Dir., U.S. DHS ICE ERO Miami Field Off.*, No. 25-23792, 2025 WL 4092609, at *2 (S.D. Fla. Dec. 11, 2025)); *Guerra-Castro v. Parra*, No. 25-22487, 2025 WL 1984300, at *2 (S.D. Fla. July 17, 2025); *see also Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) ("It is therefore apparent that a district court has no jurisdiction to restrain the Attorney General's power to transfer aliens to appropriate facilities by granting injunctive relief."); *Calla-Collado v. Att'y Gen. of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("An alien is guaranteed the right to counsel and the right to present witnesses and evidence at his deportation proceedings.  An alien, however, does not have the right to be detained where he

believes his ability to obtain representation and present evidence would be most effective." (citation omitted)).  Accordingly, the Court finds that it lacks jurisdiction to grant Petitioner's request to enjoin Respondents from transferring him to another facility.[2]

Moreover, Petitioner has not demonstrated how the Court's jurisdiction will be affected by his transfer.  *See* Mot. at 1 (noting that "jurisdiction attached at [the] filing" of the Petition); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (recognizing that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").  Thus, based upon the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Motion, [ECF No. 4], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 7th day of July, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[2] As an aside, to the extent that Petitioner contends he will be irreparably harmed if he is transferred to a new facility, the Court disagrees.  As other courts in this District have found, there is no irreparable harm simply because it would be more convenient for a petitioner's counsel if the petitioner remained in South Florida.  *See, e.g. Marquez-Diaz*, 2025 WL 2061675, at *2 (holding the court has "no idea if ICE will choose to move the Petitioner to a detention facility outside the Southern District of Florida.  And, even if it does, the Petitioner hasn't proffered any evidence for his view that counsel will be unable to contact him at this new facility or that the Petitioner would be unable to seek redress in the judicial district encompassing his new detention facility").  Therefore, "[a]bsent a showing that Petitioner would lose access to counsel or that his current counsel would be unable to contact him if he was transferred, there is no evidence of irreparable harm." *Boulos*, 2025 WL 4092609, at *2 n.4.