**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-24602-RAR**

**CESAR ANDRES CORTINA ESPINOSA**,

Petitioner,

v.

**WARDEN, KROME NORTH SERVICE PROCESSING CENTER**, *et al.*,

Respondents.
_______________________________________/

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon Petitioner Cesar Andres Cortina Espinosa's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and for Order to Show Cause ("Petition"), [ECF No. 1], filed on July 5, 2026. Petitioner alleges that he has been unlawfully committed to detention in the Krome North Service Processing Center in Miami, Florida and seeks that the Court order his immediate release, or, in the alternative, order an individualized bond hearing before an Immigration Judge. *See* Pet. ¶ 1, Prayer for Relief; [ECF No. 14]. The Court having reviewed the Petition, the relevant submissions, and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Petition, [ECF No. 1], is **GRANTED in part** for the reasons set forth herein.

**BACKGROUND**

Petitioner is a native of Colombia who has resided in the United States since 2024. Pet. ¶¶ 6, 11. On or about April 27, 2024, the Department of Homeland Security ("DHS") processed Petitioner, and issued and served a Notice to Appear, charging Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i). Pet. ¶¶ 11–12. That same day, DHS released Petitioner on a Form I-220A, Order of Release on Recognizance, and Petitioner has since complied with the conditions

of his release. Pet. ¶¶ 13–14. Petitioner timely filed a Form I-589, Application for Asylum and for Withholding of Removal, and appeared for U.S. Immigration and Customs Enforcement ("ICE") biometrics on November 19, 2024. Pet. ¶ 15. Petitioner's asylum case is currently pending before Immigration Judge Nettles at the Miami Krome Immigration Court. Pet. ¶ 15.

On June 29, 2026, Petitioner reported voluntarily to his scheduled ICE check-in appointment in Miramar, Florida, and he was taken into ICE custody. Pet. ¶ 20. Petitioner was initially detained at the Krome North Service Processing Center in Miami, Florida, but he was later transferred to the Diamondback Correctional Facility and then transferred back to the Krome North Service Processing Center. Pet. ¶ 23; [ECF No. 9]; [ECF No. 14].

On July 3, 2026, Petitioner requested a custody hearing at the Miami Krome Immigration Court, but the Executive Office for Immigration Review ("EOIR") rejected Petitioner's motion due to an "Incorrect Filing Location" as Petitioner had been transferred to the Diamondback Correctional Facility. [ECF No. 11] at 1; [ECF No. 11-1]. On July 7, 2026, Petitioner refiled a motion for custody redetermination with the immigration court having jurisdiction over the Diamondback Correctional Facility. [ECF No. 11] at 2. As of July 13, 2026, the renewed motion has not been accepted for filing, no immigration judge has acted on it, and no bond hearing has been scheduled. *Id.*; [ECF No. 11-2]. Petitioner has since been transferred back to the Krome North Service Processing Center, where he is currently detained. [ECF No. 14].

On July 5, 2026, Petitioner filed this action requesting that the Court (1) "[d]eclare that Petitioner is detained pursuant to 28 U.S.C. § 1226(a);" and (2) "[o]rder Respondents to release Petitioner on recognizance or reasonable conditions of supervision; or, in the alternative, order Respondents to provide Petitioner, within seven (7) days, an individualized bond hearing before an Immigration Judge at which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk, with the

Immigration Judge required to consider Petitioner's ability to pay and alternative conditions of supervision, and to order Petitioner's release if the government fails to carry that burden." Pet., Prayer for Relief.

On July 6, 2026, Petitioner submitted an Emergency Motion for Temporary Restraining Order, [ECF No. 4], which the Court denied on July 7, 2026, [ECF No. 6]. On July 7, 2026, the Court issued an Order to Show Cause and Omnibus Order ("Order to Show Cause"), [ECF No. 7], directing Respondents "to show cause why the Petition should not be granted and [to] file all documents and transcripts necessary for resolution of the Petition." *See* Order to Show Cause at 2. On July 9, 2026, Respondents filed a Response to the Court's Order to Show Cause ("Response"), [ECF No. 8]. Petitioner subsequently filed a Reply, [ECF No. 11]. Accordingly, the Petition is fully briefed and ripe for review.

## LEGAL STANDARD

Under 28 U.S.C. § 2241, federal district courts "within their respective jurisdictions" have the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration." *Prieser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973). Section 2241 authorizes federal courts to hear challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (noting "28 U.S.C. § 2241[ ] confers jurisdiction upon the federal courts to hear" challenges to the "lawfulness of immigration-related detention").

## ANALYSIS

In the Petition, Petitioner challenges his detention on multiple grounds. *See* Pet. ¶¶ 30–45. First, he asserts his detention without a bond hearing is contrary to 8 U.S.C. § 1226(a). Pet. ¶¶ 30–32. Second, he asserts his re-arrest without warrant, notice, or any custody determination violates 8 U.S.C. § 1226(a), its implementing regulations, and the *Accardi* doctrine. Pet. ¶¶ 33–36. Third, he asserts his detention violates the Due Process Clause of the Fifth Amendment. Pet. ¶¶ 37–45. Petitioner asks the Court "to order Respondents to release him or, at minimum, to provide him a prompt, individualized bond hearing before an Immigration Judge at which the government bears the burden of justifying continued detention by clear and convincing evidence." Pet. at 2–3. In their response to the Court's Order to Show Cause, Respondents argue that the Petition should be dismissed because Petitioner has failed to exhaust administrative remedies. *See generally* Resp.

### I. Petitioner is entitled to an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).

On May 6, 2026, the Eleventh Circuit published its opinion in *Hernandez Alvarez v. Warden*, rejecting the "Government's re-interpretation of § 1225(b)(2)(A)" and affirming the district court's holding that "the discretionary detention provisions found in § 1226 governed [petitioners'] detention instead, rendering each of them eligible for bond." 175 F.4th 1258, 1262 (11th Cir. 2026). The Eleventh Circuit held that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Id*. And it rejected the contention that "Petitioners' mere presence in the interior transforms them into applicants who are 'seeking admission;' since applicants for admission may withdraw their application by simply leaving the country." *Id.* at 1269. The Court also relied on the Supreme

Court's opinion in *Jennings v. Rodriguez*, which "observed that § 1226 'generally governs the process of arresting and detaining' aliens 'present in the country,' including aliens 'who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission.'" *Id*. at 1279 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 288–299 (2018)). Lastly, the Court "review[ed] [] the relevant history of the INA" and determined that "the record evidence available leads us as well to reject the Government's ahistorical reading." *Id*. at 1281, 1284.

Because "[a] circuit court's decision binds the district courts sitting within its jurisdiction[,]" this Court is bound by the reasoning articulated in *Hernandez Alvarez*. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004). Accordingly, the Court finds that § 1226(a) governs Petitioner's detention and that Petitioner is entitled to an individualized bond hearing.

**II. Petitioner has not failed to exhaust his administrative remedies.**

Respondents ask the Court to dismiss the Petition because Petitioner has failed to exhaust his administrative remedies. *See generally* Resp. Petitioner, however, maintains that prudential exhaustion should be excused because "Section 2241 contains no statutory exhaustion requirement for challenges to immigration detention, and any prudential exhaustion would be futile: under *Matter of Yajure Hurtado* and EOIR's January 13, 2026 guidance, Immigration Judges will not exercise bond jurisdiction over persons in Petitioner's position." Pet. ¶ 46. Petitioner is correct.

It is well-established that "exhaustion is not required where no genuine opportunity for adequate relief exists . . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (internal citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief."). Here, as Petitioner points out, *Matter*

*of Yajure Hurtado* is a "published decision, and such decisions 'serve as precedents in all proceedings involving the same issue or issues.'" *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (quoting 8 C.F.R. § 1003.1(g)(2)).

Thus, because *Matter of Yajure Hurtado* forecloses the relief that Petitioner seeks, the Court joins the numerous other courts in this District that have held that "any prudential exhaustion requirements are excused for futility." *Id.*; *see also Mejia v. Lyons*, No. 26-60258, 2026 WL 914753, at *2 (S.D. Fla. Apr. 3, 2026) ("This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition."); *Gonzalez v. Noem*, No. 25-62261, 2025 WL 4053421, at *3 (S.D. Fla. Dec. 23, 2025), *report and recommendation adopted*, 2026 WL 115211 (S.D. Fla. Jan. 15, 2026) ("Given that *Matter of Yajure Hurtado* is binding precedent on immigration judges and subjects Petitioner, a non-citizen who is present in the United States and has not been admitted or paroled, to mandatory detention without the possibility of bond, there is no adequate administrative remedy for Plaintiff. The Court, like countless other courts in this District and around the country, concludes that Petitioner should not have to exhaust his administrative remedies before seeking habeas relief." (collecting cases)).

**III. The Court need not reach Petitioner's *Accardi* doctrine and Due Process claims.**

To the extent the Petition presents other claims arising under the *Accardi* doctrine and Due Process Clause, the Court need not reach the merits of those claims. *See, e.g.*, *Puga*, 2025 WL 2938369, at *6. "Should Respondents fail to comply with this Order by providing Petitioner a bond hearing, Petitioner may renew [these claims]." *Id.* (explaining that petitioner's due process

claim is not ripe because it is "contingent on Petitioner not receiving a custody determination hearing under 8 U.S.C. section 1226(a)").

**CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner Cesar Andres Cortina Espinosa's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and for Order to Show Cause, [ECF No. 1], is **GRANTED in part**. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2. All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

3. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 21st day of August, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**